IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | CASE NO. 2:21-CR-00004-JRG-1 |
| JOHN EARL WOOLEN. | § § § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Defendant John Earl Woolen's Motion for a Downward Variance and Motion for Home Confinement, (Dkt. Nos. 64, 73). The Court, having considered the motion, the responses, the record, and the applicable law, finds that the motions should be **DENIED**.

## I. BACKGROUND

On December 15, 2022, after entering a guilty plea, Woolen was sentenced to 71 months' imprisonment for one count of possession with the intent to distribute methamphetamine—in violation of 21 U.S.C. § 841(a)(1). The Presentence Investigation Sentence Recommendation, (Dkt. No. 54), reveals that from March 28 through April 26, 2018, over the course of four transactions, Woolen sold a total of 308.01 grams of methamphetamine (actual) to a cooperating individual. He did not file a direct appeal.

## II. DEFENDANT'S MOTIONS

In support of his motion for a downward variance, Woolen maintains that the "harsh methamphetamine guidelines overstate his culpability and should be rejected on policy grounds," (Dkt. No. 64 at 2). He argues that the sentencing guidelines provide for a ratio that is "based on an outdated premise that there is a supposed link between drug purity and culpability"—further arguing that today's methamphetamine is "substantially pure," and is not tested.

Woolen also seeks a Court order for home confinement because of his health. (Dkt. No. 73.) Specifically, he explains that he exhibits chronic pain on his knees and back, gout, and bone spurs on his feet. He also notes that, while his medical conditions are not life threatening, he experiences arthritis throughout his entire body, sleep apnea, acid reflux, and high blood pressure. Woolen states that medical care while imprisoned has "moved at an alarmingly slow pace," which differs from the outside world. He seeks to serve the remainder of his sentence on home confinement or within a halfway house.

### III. THE GOVERNMENT'S RESPONSES

The Government urges this Court to deny both motions. With respect to the request for a downward variance, it asserts that Woolen failed to raise this argument or object to the sentencing on this basis, and therefore, "there is no procedural vehicle by which the relief sought by the defendant can be granted." (Dkt. No. 76.)

Turning to Woolen's request for home confinement/compassionate release, the Government explains that Woolen failed to exhaust his required administrative remedies before filing this motion. (Dkt. No. 78.) Moreover, it argues that only the Bureau of Prisons (BOP) can place an inmate on home confinement—as the district courts lack authority to do so. Woolen has not filed a reply.

### IV. STANDARD OF REVIEW

A defendant's sentence must be both procedurally and substantially reasonable. *See Gall v. United States*, 552 U.S. 38 (2007). When a defendant fails to object to the application of the sentencing guidelines during sentencing, review is for plain error only. *See United States v. Severin*, 221 F. App'x 299, 301 (5th Cir. 2006) ("We normally review a court's factual findings during sentencing for clear error, unless the defendant fails to object, in which case the standard of review is plain error.").

Under plain error review, a defendant must show (1) that an error occurred, (2) that the error was plain, which means "clear" and obvious, and (3) that the error affected his substantial rights. *Id*. (citing *United States v. Cotton*, 535 U.S. 625, 631-32 (2002)). If a defendant establishes the first three prongs, then the appellate court has the discretion to correct the error, but only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings"—a difficult undertaking. *See United States v. Garcia*, 2023 WL 2964406, at *2 (5th Cir. Apr. 14, 2023).

With respect to compassionate release, a judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A), the statute authorizing compassionate release.

The First Step Act of 2018 instituted the first major changes to compassionate release since its authorization in 1984. Pub. L. 115-391, 132 Stat. 5194. The Act, in part, amended section 3582(c), which gives the court discretion—in certain circumstances—to reduce a defendant's term of imprisonment:

> (A) the court, upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made

> by the Director of the [BOP] that the defendant is not a danger to the safety of any person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A). This provision is commonly referred to as "compassionate release."

Even if extraordinary and compelling reasons exist, such reasons must outweigh the 18 U.S.C. § 3553(a) factors to warrant a sentence reduction. *See* 18 U.S.C. 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .
>
> (5) any pertinent [Sentencing Commission] policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

As the United States Court of Appeals for the Fifth Circuit stated, a prisoner seeking compassionate release must overcome these three hurdles. *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). First, "extraordinary and compelling reasons" must justify the reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction "must be consistent with applicable policy statements issued by the Sentencing Commission." *Jackson*, 27 F.4th at 1089. Finally, the prisoner "must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *Id*. A district court has discretion to deny compassionate release if section 3553(a) factors counsel against reduction. *Id*. (citing *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021)).

## V. DISCUSSION AND ANALYSIS

The Court finds that Woolen's motions must be denied. Here, pursuant to a plea agreement, Woolen admitted to knowingly possessing—with the intent to distribute—more than 50 grams of methamphetamine (actual), (Dkt. No. 34 at 1) (signed factual basis). Moreover, the final Presentence Investigation Report (PSR)—to which Woolen did not object—provides that Woolen was accountable for a total of 308.01 grams of methamphetamine for sentencing guideline purposes. Given Woolen's total offense level of 27 and his criminal history score of I, the sentencing guidelines range of imprisonment was 70 months to 87 months' imprisonment. *See* USSG §5C1.2(a). The Court sentenced Woolen to 71 months' imprisonment, well-within the range and contemplated by the plea agreement.

Woolen does not present a challenge to the calculation of his offense level, and the docket is devoid of any objections to the alleged disparity between drug purity and culpability. Woolen's challenges to the sentencing guidelines, which are merely advisory, are unavailing—particularly because he specifically admitted to possessing over 50 grams of methamphetamine and entered a

guilty plea that provided for a guideline stipulation of a 27-offense level, resulting in a range of 70 to 87 months. In other words, Woolen has failed to demonstrate an actual error, let alone an error that was "clear and obvious." *See United States v. Contreras*, 669 F. App'x 234, 234 (5th Cir. 2016) ("Because Contreras did not object to the substantive reasonableness of the sentence imposed, however, the standard of review is the more deferential plan error standard.").

Woolen is not entitled to compassionate release or home confinement. He failed to exhaust administrative remedies, which precludes compassionate release. Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir.) ("Prior to the First Step Act … courts lacked the power to adjudicate motions for compassionate release."), *cert denied*, *Franco v. United States*, 141 S.Ct. 920 (2020). The First Step Act amended section 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *United States v. Cantu*, 423 F. Supp. 3d 345, 347 (S.D. Tex. 2019).

The plain language of the statute, however, makes clear that the court may not grant a defendant's motion for compassionate release *unless* the defendant has complied with the administrative exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A) (emphasis supplied). Therefore, to file a proper motion for compassionate release, the defendant must have exhausted before filing his motion. *United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021). The district court has no discretion or authority to waive the exhaustion requirement—it is mandatory rather than jurisdictional. *Franco*, 973 F.3d at 467 ("holding that the statutory requirement that a defendant file a request with the BOP before filing a motion for compassionate release is not jurisdictional but that it is mandatory").

6

Before filing a motion for compassionate release in federal court, a defendant must first submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of thirty days after the warden received the request. 18 U.S.C. § 3582(c)(1)(A).

Here, while Woolen states that he submitted a request to the Warden on April 13, 2023, the Government provided exhibits indicating that Woolen has not submitted a request and the files are devoid of any request from him, (Dkt. No. 75-1 at 4-5). Moreover, even if he had submitted a request to the Warden on April 13, 2023, Woolen filed this pro se motion on April 17, 2023, pursuant to the mailbox rule—some four days after he allegedly submitted a request to the Warden. Therefore, Woolen failed to wait 30 days after submitting a request to the Warden before filing this motion. *See United States v. Powell*, 834 F. App'x 940, 941 (5th Cir. 2021) (finding that defendant failed to exhaust required administrative remedies wherein inmate submitted a request to the prison warden on April 15, 2020, and field his motion for compassionate release 20 days later). Because Woolen failed to exhaust his required administrative remedies prior to filing this motion, his request for compassionate release must be denied.

Finally, as the Government asserts, the Court cannot order Woolen to be released onto home confinement. *See United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (explaining that "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement."); *see also Moore v. United States Atty. Gen.*, 473 F.2d 1375 (5th Cir. 1973) ("A person convicted of a crime against the United States and sentenced to confinement is committed by statute to the custody of the Attorney General at a place to be designated solely by the Attorney General."). Since this Court lacks authority to grant the relief Woolen seeks, his motion should be denied.

## VI. CONCLUSION

For the foregoing reasons, the Court finds that Woolen's motions (Dkt. Nos. 64, 73) should be and hereby are **DENIED**.

**So ORDERED and SIGNED this 25th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE